**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**LARRY WILLMER**                                                      **PLAINTIFF**


**VERSUS**                                    **CIVIL ACTION NO. 4:04CV325-P-B**


**SAVERITE GROCERY WAREHOUSE, INC.
AND JOHN DOES 1-5**                                          **DEFENDANT**


<u>**ORDER**</u>

This cause is before the Court on the plaintiff's Motion for Remand [13]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Larry Willmer originally filed this case in the Circuit Court of Washington County, Mississippi on April 27, 2004 seeking recovery for a slip and fall incident which occurred at the SaveRite store in Greenville, Mississippi. His complaint requested judgment "in an amount that is fair and reasonable, but less than $75,000.00."

The case was not initially removable because the requisite amount in controversy was not facially apparent from plaintiff's complaint. The defendant, therefore, utilized the discovery process in an effort to ensure that the amount in controversy did not exceed the amount claimed in the ad damnum clause of Willmer's complaint. SaveRite propounded a series of requests for admissions aimed at establishing a ceiling on the amount of recovery claimed by plaintiff. Willmer responded equivocally to several of the requests and denied others outright:

> 1.      Plaintiff hereby stipulates that the total damages which may be award [sic] in this matter will not exceed the sum of $75,000.00.

**RESPONSE**: Denied.

. . .

6.    Plaintiff hereby waives recovery on his claim in any amount in excess of $75,000.00.

**RESPONSE**: Denied.

Exhibit B to the Defendants' Notice of Removal.

Plaintiff's October 12, 2004 responses to the requests for admissions, as well as the nature of his claimed injuries and his pre-litigation settlement demand in the amount of $150,000, convinced SafeRite that Willmer's damages met the threshold for diversity jurisdiction notwithstanding his effort to avoid removal by pleading damages in an amount less than $75,000.

SaveRite removed the action to this Court on October 27, 2004 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332; Willmer responded by filing a motion to remand for lack of subject matter jurisdiction. The plaintiff is a citizen of Mississippi; the defendant is incorporated in the State of Florida and has a principal place of business in a state other than Mississippi. Hence, the requirement of complete diversity has been met; the only matter is dispute is whether the amount in controversy exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C. § 1332.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Still, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper" unless the plaintiff shows that at the time of removal he was legally bound to accept a lesser sum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n.

14 (5th Cir. 1995).

Courts within this district have held that a plaintiff's refusal to admit or stipulate that he will not accept more than $75,000 in damages is sufficient proof that the jurisdictional amount exceeds $75,000. <u>Fields v. Household Bank</u>, 280 F.Supp.2d 530, 532 (N.D. Miss. 2003). <u>See also McLain v. Am. Int'l. Recovery, Inc.</u>, 1 F.Supp.2d 628, 631 (S.D. Miss. 1998); <u>Draper v. United States Fidelity & Guaranty Co.</u>, 2000 WL 268565, *3 (S.D. Miss. 2000). This is precisely the situation before the Court. When Willmer's failure to bind himself to a recovery of less than $75,000 is viewed in combination with the serious nature of his knee injury, his need for surgery, his potential lost wages during a reasonable period of post-operative recovery and his prior settlement demand, it is obvious to the Court that the defendant has satisfactorily proven an actual amount in controversy in excess of $75,000.00. Exercise of this Court's jurisdiction is appropriate.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [13] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Magistrate Bogen is to remain in place until further order of the Court. IT IS FURTHER ORDERED that the parties are to apprise this Court of the status of the defendant's bankruptcy proceeding and its continued effect on this action within ten (10) days of the entry of this Order.

SO ORDERED, this the 21st day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE